David J. Ruyle, Jr., Esq. (Bar No. 234569)
**RUYLE & RUYLE**
8880 Rio San Diego Drive, Ste. 1000
San Diego, CA 92108
Tel: (619) 291-5958
Fax: (619) 291-5979

Attorneys for Plaintiffs Mark Shneour and Lori Fincher

FILED

2010 APR -8 PM 3: 45

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MARK SHNEOUR and LORI FINCHER,

     Plaintiffs,

vs.

WELLS FARGO HOME MORTGAGE, COMMUNITY FIRST BANK CO., FIDELITY NATIONAL TITLE INSURANCE CO., FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC, U.S. BANK NATIONAL ASSOCIATION and DOES 1 to 20,

     Defendants.

CASE NO. **10 CV 0739** DMS JMA

**COMPLAINT**

1) **VIOLATIONS OF TILA**
2) **VIOLATIONS OF RESPA**
3) **VIOLATIONS OF HOEPA**
4) **VIOLATION OF CA BUS & PROF CODE §17200**
5) **VIOLATION OF CA CIV CODE §2924(B)**
6) **FRAUDULENT MISREPRESENTATION**
7) **BREACH OF FIDUCIARY DUTY**

**REQUEST FOR JURY TRIAL**

     COMES NOW PLAINTIFFS, MARK SHNEOUR and LORI FINCHER, husband and wife as individuals, whom allege damages and seek equitable relief against the Defendants, and each of them, as follows:

### PARTIES AND JURISDICTION

     1.    Jurisdiction is conferred upon the court pursuant to Title 28, § 1331 as there is a federal question and the lawsuit is based on various federal statutes. Plaintiffs rely on federal statutes 15 U.S.C.A. § 1691 et seq., 15 U.S.C.A. § 11601 et seq., 12 U.S.C.A. § 2601 et seq., and 15 U.S.C.A. §



1681, et seq. on which to base their claims. Venue is conferred as the property is located and all transactions took place and all parties reside within San Diego County, California, which is within the boundary of the United States District Court the Southern District of California.

## PRELIMINARY ALLEGATIONS

2.      Plaintiff MARK SHNEOUR, (hereinafter "SHNEOUR") is, and at all times mentioned in this complaint was the owner of a single family residence in San Diego County whose address is 6321 Encanto Dr., Carlsbad, CA 92009.

3.      Plaintiff LORI FINCHER, (hereinafter "SHNEOUR") is, and at all times mentioned in this complaint was the owner of a single family residence in San Diego County whose address is 6321 Encanto Dr., Carlsbad, CA 92009.

4.      At all times relevant herein, Plaintiff is informed and believes that Defendants, WELLS FARGO HOME MORTGAGE, (hereinafter "WELLS FARGO"), COMMUNITY FIRST MORTGAGE CO., (hereinafter "COMMUNITY"), FIDELITY NATIONAL TITLE INSURANCE CO., (hereinafter "FIDELITY"), FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC, (hereinafter "FIRST AMERICAN") and U.S. BANK NATIONAL ASSOCIATION, (hereinafter "U.S. BANK") are corporations, limited liability companies, or other forms of business entities doing business in San Diego County, California and/or the Trustee of that certain Deed of Trust listing Plaintiffs as Borrowers, which is the subject of this Complaint.

5.      At all times relevant herein, Plaintiffs are informed and believes and thereon alleges that, DOES 1 through 20, inclusive, true names, identities and capacities, whether individual, corporation, association, partnership or otherwise are at this time unknown to Plaintiff who therefore sues said Defendants by such fictitious names and will so amend the complaint to show the true names and capacities of such Doe Defendant(s) when the same are ascertained.

6.      At all times relevant herein, Defendants are sued and were acting as principal, employer and/or the agent, servant and employee of said principal(s) or employer(s), and all of the acts performed by them, or their agents, servants and employees, were performed with the knowledge and

under the control of said principal(s) or employer(s) and all such acts performed by such agents, servants and/or employers, were performed within the course and scope of their authority.

**INTRODUCTION**

7.     This is a complaint for damages and a declaratory judgment.  The plaintiffs, who are husband and wife, bring this complaint because the defendants foreclosed on the plaintiffs' real property in violation of federal and state law.  The foreclosure was illegal first because in the course of the defendants dealings with the plaintiffs, the defendants violated the plaintiff's rights under *24 C.F.R. § 3500* (Real Estate Settlement Procedures Act (RESPA)) and *12 C.F.R. § 226* (Truth in Lending Act (TILA)).  The purpose of both of these Acts is to create an atmosphere of transparency and openness in the lending process and to promote "informed use of credit."  The defendants' action and inaction was fraudulent and dishonest - inconsistent with the mandate and spirit of these Acts.

8.     The defendants also could not legally foreclose on the plaintiff's property because the defendants violated the plaintiff's rights under Home Ownership and Equity Protection Act (HOEPA).  Under business days prior to the closing of the loan.  There is no evidence that the defendants sent this HOEPA, the lender must have a special disclosure notice delivered to the consumer at least three disclosure or that the plaintiff received it.  If the defendants cannot provide conclusive evidence to the contrary then the defendants cannot legally foreclose on the plaintiffs' property.

9.     The defendants cannot legally foreclose on the plaintiffs' property because the defendants have violated the plaintiffs' rights under the California Business and Professional Code (hereinafter "CBPC").  Under the CBPC, a fiduciary act in the best interests of the principal.  The defendants were in a fiduciary relationship with the plaintiff and failed to do so.  Additionally, the defendants engaged in predatory lending in violation of the code.

10.    The defendants cannot hold legal title as the result of a trustee sale that was conducted in violation of California Civil Code §2924(b).  Under the §2924(b), the notice of default must be sent by registered or certified mail within 10 business days of actual recordation to any persons who have recorded requests for notice and to the trustor at its last known physical, as opposed to electronic address.

11.     Finally, the defendants cannot legally foreclose on the plaintiffs' real property because the underlying mortgage contract was tainted by fraud and is thus voidable. The defendants obtained the plaintiffs' assent through fraudulent misrepresentation as to the parties' rights. The contract should be voided and the defendant does not have the legal right to foreclose on the plaintiff's property.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (VIOLATION OF TRUTH IN LENDING ACT)

12.     The defendants violated Truth in Lending Act, (hereinafter "TILA") by failing to provide the plaintiffs with accurate material disclosures required under TILA and therefore cannot legally foreclose on the plaintiffs' property. *12 C.F.R. § 226.17(a)* states that the servicer shall "conspicuously" make known to the borrower all aspects of the "legal relationship between the parties." WELLS FARGO's actions and inaction in this matter did not meet this standard.

13.     On November 22, 2005, agents of COMMUNITY brokered a loan agreement between WELLS FARGO and the plaintiffs, mortgage #0148723976. WELLS FARGO and COMMUNITY representatives led the plaintiffs to believe that by signing that loan agreement, plaintiffs were borrowing money from WELLS FARGO and that in return, WELLS FARGO would take a security interest in the borrower's property. In fact, the borrower signed an agreement under which WELLS FARGO could (and did in fact) allow third parties to obtain liens, security interests and/or complete control over the plaintiffs' property. The defendants did this in order to structure a mortgage contract under which the defendants would receive a windfall at the plaintiffs' expense. These actions were deceptive, fraudulent and self-serving; they were not consistent with TILA's mandate that the lender clarify the nature of legal relationship between the parties. Since the defendants violated TILA in their dealings with the plaintiffs, the plaintiff have the right to rescind the loan and defendants cannot legally foreclose on the plaintiff's property.

## SECOND CLAIM FOR RELIEF
### (VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT)

14.       The defendants violated Real Estate Settlement Procedures Act (hereinafter "RESPA") and therefore cannot legally foreclose on the plaintiffs' property.  There is no evidence to confirm that the borrower received all of the disclosures mandated by the RESPA.  The defendants did not disclose all business arrangements affiliated with the servicing of the loan in violation of 24 C.F.R. § 3500.15; the defendants did not provide HUD-1 at the closing in violation of 24 C.F.R. § 3500.8(b); the defendants did not provide the transfer servicing disclosure at or prior to closing in violation of 24 C.F.R. § 3500.21.  Unless the defendants can produce this information, the defendants have violated RESPA and therefore, defendants, cannot legally foreclose on the plaintiffs' property.

15.       Moreover, the Plaintiffs have reason to believe that the defendants' financial arrangements between each other also violated RESPA.  Housing and Urban Development's (HUD's) 1999 Statement of Policy established a two-part test for determining the legality of lender payments to mortgage brokers for intermediary transactions under RESPA:

(1) Whether goods or facilities were actually furnished or services were actually performed for the compensation paid and;

(2) Whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed.

In applying this test, HUD believes that total compensation should be scrutinized to assure that it is reasonably related to the goods, facilities, or services furnished or performed to determine whether it is legal under RESPA.  And perhaps most importantly, the spirit of disclosure explicitly stated in RESPA compels lender and broker to disclose to the purchaser the nature of the financial arrangement between them.

16.     The defendants failed to live up to this basic standard.  The interest and income that defendants have gained in this mortgage transaction is disproportionate to the financial loss the plaintiffs have suffered as a direct result of the defendants' failure to make material disclosures.  The defendants' actions violated RESPA because the payments between the defendants were misleading and designed to create a windfall. These actions were deceptive, fraudulent and self-serving and in direct violation of the spirit and mandate of RESPA.

## THIRD CLAIM FOR RELIEF
### (VIOLATION OF HOME OWNERSHIP AND EQUITY PROTECTION ACT)

17.     WELLS FARGO cannot legally foreclose on the plaintiff's property because the defendants failed to comply with Home Ownership and Equity Protection Act (hereinafter " HOEPA"). Under HOEPA, a special disclosure notice must be delivered to the consumer at least three business days prior to the closing of the loan. 15 U.S.C. § 1639(b); 12 C.F.R. 226.31(c).  The notice must inform the consumer that the homeowner is not bound to enter into the loan, and that if the homeowner does enter the loan, the homeowner could lose his home and any money he has invested in the home.

18.     Here, there is no evidence demonstrating that the defendants sent a HOEPA notice to the plaintiff or that the plaintiff received it.  Unless the defendants can provide conclusive proof that the defendants sent plaintiff a HOEPA notice and that the plaintiff received it, then the defendants have violated HOEPA and cannot legally foreclose on the plaintiff's property.

## FOURTH CLAIM FOR RELIEF
### (VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONAL CODE §1700 et seq)

19.     The defendants violated California Business and Professional Code.  The Office of Comptroller of the Currency defines Predatory Lending as any lien secured by real estate, which shares well-known common characteristics that result in unfair and deceptive business practices.  Among

6

these characteristics are unfair, deceptive, or fraudulent practices in the transaction.

20.     Here, the lender failed to clarify the nature of legal and business relationship between the parties to the extent that the agreement allowed the lender to sell its interest in the borrower's property to a third party.  These deceptive practices can hardly be said to be consistent with California law's mandate that all parties to a business transaction deal fairly with each other and in good faith. These violations will subject the lender to damages, attorney's fees, costs of suit, and other legal and equitable relief.

**FIFTH CLAIM FOR RELIEF**
**(VIOLATION OF CA CIVIL CODE §2924(b) )**

21.     Defendants wrongfully foreclosed on the plaintiff in violation of CA Civil Code §2924(b).  A copy of the Notice of Default, "must be sent by registered or certified mail within 10 business days of actual recordation to any persons who have recorded requests for notice and to the trustor at its last known physical, as opposed to electronic address."  The defendants were never served with any copy notice via registered or certified mail.

**SIXTH CLAIM FOR RELIEF**
**(FRAUDULENT MISREPRESENTATION)**

22.     WELLS FARGO cannot legally foreclose on plaintiff's property because WELLS FARGO induced the plaintiff's assent to underlying mortgage through fraudulent misrepresentation. Under California law, "a person who has been induced by fraudulent misrepresentations to enter into a contract or to make a conveyance may have the contract or conveyance set aside and secure a restitution of those benefits lost to him by the transaction." *Seeger v. Odell, 18 Cal.2d 409 (1941).* A plaintiff's assent to a contract was fraudulently induced under California law where first, the fraud or misrepresentation was made with the knowledge that it was or may have been untrue; second, the fraud

1    or misrepresentation was made with the intention of inducing the plaintiff to assent to the contract; and

2    third, the recipient was justified in relying on the misrepresentation. *Id.*

3         23.       Each of these elements are met in this case. First, the defendants represented to the

4    plaintiff that the plaintiff was entering into a mortgage contract with WELLS FARGO. In fact,

5

6    WELLS FARGO sold their interest in the loan to third parties without notifying the plaintiff. This

7    dishonesty fits squarely into the definition of fraud and misrepresentation contemplated in *Seeger v.*

8    *Odell.*

9         24.       Second, the defendants defrauded the plaintiffs with the intent of inducing the

10    plaintiff to sign the illegal mortgage contract. The plaintiffs assumed, as any reasonable person would,

11

12    that by signing the mortgage agreement, he was in fact borrowing money from WELLS FARGO. Had

13    the plaintiffs been made aware that by signing the mortgage contract, he was not actually borrowing

14    from the companies indicated in the contract, or that WELLS FARGO could and would sell its interest

15    to a third party, he certainly would not have signed the contract. The defendants withheld this

16    information with the specific intent of inducing the plaintiff to sign the illegal mortgage agreement.

17

18         25.       Lastly, the plaintiffs are not a sophisticated credit consumer. The plaintiffs'

19    reliance on WELLS FARGO's representations were reasonable. The plaintiffs had every right to

20    assume that WELLS FARGO's representations were fair and accurate. Since each of the elements are

21    met, the plaintiff's assent the mortgage with WELLS FARGO was fraudulently induced and therefore

22

23    voidable at plaintiff's option.

24                           **SEVENTH CLAIM FOR RELIEF**

25                          **(BREACH OF FIDUCIARY DUTY)**

26         26.       In a mortgage transaction, both lender and broker owe the borrower a fiduciary duty.

27    This duty requires both lender and broker to deal with the consumer in good faith. This means, at very

28

least, that the broker and the lender must disclose all the terms and conditions of the loan to the borrower. The broker and lender must also perform their own due diligence to determine if the borrower is being placed in a loan that is suitable given the borrower's financial situation. If either the broker or the lender knows or should know that the borrower is likely to default on the loan, they have a duty to not place the borrower in that loan.

27.     Here, the lender and broker were in a fiduciary relationship with the borrower. The lender and broker knew, or should have known, that the borrower would likely default on the loan yet issued the loan anyway. The lender and the broker breached their fiduciary duty when they knowingly placed the borrower into a loan without regard to the borrower's ability to repay the loan. These violations will subject the lender to damages, attorney's fees, costs of suit, and other legal and equitable relief.

28.     Plaintiff is informed and believe, and thereon allege, that as a result of the conduct of defendants, Plaintiff is entitled to rescind the loan transaction, recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages and attorney fees.

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury of all issues triable as a matter of right by a jury.

**WHEREFORE,** Plaintiffs pray for judgment as follows:

A)  As to First Cause Of Action – TILA;

    1.  For compensatory damages in an amount to be proven at trial;

    2.  For costs;

    3.  For any other such relief the Court deems just and proper.

B)  As to Second Cause Of Action – RESPA;

    1.  For compensatory damages in an amount to be proven at trial;

2.  For costs;

3.  For any other such relief the Court deems just and proper.

C)  <u>As to Third Cause Of Action – HOEPA;</u>

    1.  For compensatory damages in an amount to be proven at trial;

    2.  For costs;

    3.  For any other such relief the Court deems just and proper.

D)  <u>As to Fourth Cause Of Action – CA Business and Professional Code</u>:

    1.  For compensatory damages in an amount to be proven at trial;

    2.  For costs;

    3.  For any other such relief the Court deems just and proper.

E)  <u>As To Fifth Cause Of Action – CA Civil Code</u>

    1.  For compensatory damages in an amount to be proven at trial;

    2.  For costs;

    3.  For any other such relief the Court deems just and proper.

F)  <u>As to Sixth Cause Of Action – Fraudulent Misrepresentation;</u>

    1.  For compensatory damages in an amount to be proven at trial;

    2.  For reformation of the contract;

    3.  For costs;

    4.  For prejudgment interest;

    5.  Punitive damages; and

    6.  For any other such relief the Court deems just and proper.

G)  <u>As To Seventh Cause Of Action – Breach of Fiduciary Duty</u>:

    1.  For compensatory damages in an amount to be proven at trial;

    2.  For costs;

    3.  For any other such relief the Court deems just and proper.

H)  <u>As To All Causes Of Action</u>:

    1.    For interest on the sum of damages calculated from the date of wrongful conduct;

    2.    For costs of suit; and

3.    For such other and further relief, in law or in equity, as this Court deems just and proper.

Respectfully submitted,

Dated:  April 8, 2010                          **David J. Ruyle, Jr., Esq.**

                                      By:    _____
                                             DAVID J. RUYLE, JR., ESQ.
                                             Attorney for Plaintiffs

℄JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARK SHNEOUR AND LORI FINCHER

### DEFENDANTS
WELLS FARGO HOME MORTGAGE

*FILED*
2010 APR -8  PM 3: 45

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David J. Ruyle, Jr., Esq., 8880 Rio San Diego Dr., Suite 1000
San Diego, CA 92108

Attorneys (If Known)

**10 CV 0739   DMS JMA**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601 et seq   28 USC 1331   et seq

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  900,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____   DOCKET NUMBER _____

DATE  4/8/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  12048    AMOUNT  $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

TB 04-08-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS012048
Cashier ID: mbain
Transaction Date: 04/08/2010
Payer Name: RUYLE AND RUYLE
----------------------------------
CIVIL FILING FEE
  For: SHNEOUR V WELLS FARGO
  Case/Party: D-CAS-3-10-CV-000739-001
  Amount:        $350.00
----------------------------------
CHECK
  Check/Money Order Num: 1496
  Amt Tendered:  $350.00
----------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```